UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
ANN ARBOR DIVISION

MELISSA POOLE,

    Plaintiff,

v.

ENCORE RECEIVABLE
MANAGEMENT, INC.,

    Defendant.

_____/

COMPLAINT NO.
Complaint and Demand for Jury Trial

# COMPLAINT

COMES NOW the Plaintiff, MELISSA POOLE ("Plaintiff"), by and through the undersigned attorneys, and for Plaintiff's Complaint against Defendant, ENCORE RECEIVABLE MANAGEMENT, INC., ("Defendant"), alleges and affirmatively states as follows:

## INTRODUCTION

1. Plaintiff brings this action on behalf of herself individually seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Defendant, in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act (hereinafter "TCPA"), 47 U.S.C. § 227 *et seq.* and under the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.*

(hereinafter the "FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 47 U.S.C. §227(b)(3). See, *Mims v. Arrow Financial Services, LLC*, 132 S.Ct. 740 (2012), holding that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA.

3. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Venue is proper in the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C § 1391(b) because Plaintiff resides within this District and a substantial part of the events or omissions giving rise to the herein claims occurred, or a substantial part of property that is the subject of the action is situated within this District.

## PARTIES

5. Plaintiff is a natural person residing in Oakland County, in the city of Walled Lake, Michigan.

6. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3).

7. Defendant is a corporation doing business in the State of Michigan.

8. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6).

9. At all times relevant to this Complaint, Defendant has acted through its agents employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## FACTUAL ALLEGATIONS

10. Defendant placed collection calls to Plaintiff seeking and attempting to collect on alleged debts incurred through purchases made on credit issued by Defendant.

11. The alleged debt is a consumer debt as the phrase is defined and used under 15 U.S.C. §1692(a) of the FDCPA.

12. Plaintiff's alleged debt arises from transactions for personal, family, and household purposes.

13. Defendant placed collection calls to Plaintiff's cellular telephone at phone number (734) 673-59XX.

14. Defendant placed collection calls to Plaintiff from phone numbers including, but not limited to (866) 247-8991 and (866) 652-3145.

15. Per its prior business practices, Defendant's calls were placed with an automated telephonic dialing system ("auto-dialer").

16. Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a) (1) to place its telephone calls to Plaintiff seeking to collect a consumer debt allegedly owed by Plaintiff, MELISSA POOLE.

17. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

18. Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on her cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

19. On or about February 7, 2017, at or about 3:47 pm Pacific Standard Time, Plaintiff called into Defendant's company at phone number (866) 247-8991 and spoke with Defendant's male representative ("Cassius") and requested that Defendant cease calling Plaintiff's cellular phone.

20. During the conversation on February 7, 2017, Plaintiff gave Defendant both her phone number and social security number to assist Defendant in accessing her account before asking Defendant to stop calling her cell phone.

21. Plaintiff revoked any consent, explicit, implied, or otherwise, to call her cellular telephone and/or to receive Defendant's calls using an automatic telephone dialing system in her conversation with Defendant's representative on February 7, 2017.

22. Despite Plaintiff's request to cease, Defendant placed another collection two (2) calls to Plaintiff on February 8, 2017.

23. Defendant continued to place collection calls to Plaintiff through March 21, 2017.

24. Despite Plaintiff's request that Defendant cease placing automated collection calls, Defendant placed at least one hundred and two (102) automated calls to Plaintiff's cell phone.

25. Defendant is using false, deceptive and misleading means in connection with attempting to collect a debt by not identifying the purpose of its phone calls or that they are an attempt to collect a debt.

## FIRST CAUSE OF ACTION
## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227

26. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-25.

27. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

28. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B).

PLAINTIFF'S COMPLAINT

29. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 et. seq.

30. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-29.

31. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

32. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

33. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

## THIRD CAUSE OF ACTION

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

34. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-34.

35. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692d* of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt.

    b. Defendant violated *§1692d(5)* of the FDCPA by causing the phone to ring or engaged any person in telephone conversations repeatedly

    c. Defendant violated *§1692e* of the FDCPA by using false, deceptive, or misleading representation or means in connection with the debt collection.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, MELISSA POOLE, respectfully requests judgment be entered against Defendant, ENCORE RECEIVABLE MANAGEMENT, INC., for the following:

## FIRST CAUSE OF ACTION

36. For statutory damages of $500.00 multiplied by the number of negligent violations of the TCPA alleged herein (102); $51,000.00;

37. Actual damages and compensatory damages according to proof at time of trial;

## SECOND CAUSE OF ACTION

38. For statutory damages of $1,500.00 multiplied by the number of knowing and/or willful violations of TCPA alleged herein (102); $153,000.00;

39. Actual damages and compensatory damages according to proof at time of trial;

## THIRD CAUSE OF ACTION

40. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k.

41. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k.

Any other relief that this Honorable Court deems appropriate

## ON ALL CAUSES OF ACTION

42. Actual damages and compensatory damages according to proof at time of trial;

43. Costs and reasonable attorneys' fees;

44. Any other relief that this Honorable Court deems appropriate.

///

///

## JURY TRIAL DEMAND

45. Plaintiff demands a jury trial on all issues so triable.

PLAINTIFF'S COMPLAINT

                              RESPECTFULLY SUBMITTED,

DATED: December 13, 2017

                              By: */s/ Jordan Z. Weiss*_____
                              Jordan Z. Weiss, PLLC
                              32000 Northwestern Highway, Ste.275
                              Farmington Hills, MI 48334
                              (248)939-9979
                              Jordan@jzwesq.com
                              P74097